1

2

3

4

5        IN THE UNITED STATES DISTRICT COURT

6     FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8 MICHELE FOTINOS, on behalf of      No. C 12-953 CW
  herself and as Guardian ad Litem
9  for her minor children, R.F. and   ORDER GRANTING
  A.F.,                         PLAINTIFF'S MOTION
10                         TO SEAL (Docket
        Plaintiff,          No. 48), STRIKING
11                         IMPROPERLY FILED
     v.                    DOCUMENT (Docket
12                         No.47) AND
  JOHN FOTINOS; DAWN GROVER; RENEE   DIRECTING
13 LA FARGE; BONNIE MILLER; KAMALA    PLAINTIFF TO
  HARRIS, Attorney General; JAYNE    REVIEW ALL
14 KIM, Chief Trial Counsel, State    DOCUMENTS ON THE
  Bar of California; ROBYN PITTS,    DOCKET
15 City of Belmont Police Officer;
  MARK REED, San Mateo County
16 Deputy Sheriff; PATRICK CAREY,
  San Mateo County Deputy Sheriff;
17 SHANNON MORGAN; CITY OF BELMONT;
  COUNTY OF SAN MATEO; and RENEE
18 LAFARGE,

19        Defendant.

20 _____/

21     On May 24, 2012, Plaintiff Michele Fotinos filed a response

22 to Defendant Attorney General Kamala Harris's motion to dismiss

23 and an ex parte application to file the response out of time.

24 Docket Nos. 43 and 44.  In an order dated May 25, 2012, the Court

25 struck those documents and their supporting exhibits because they

26 contained the full name of Plaintiff's minor child, R.F. and other

27 personally identifying and sensitive information related to R.F.

28 Docket No. 45.  The Court permitted Plaintiff to re-file redacted

versions of the documents in the public record, and a motion to file under seal undredacted versions of the documents.

Plaintiff has attempted to comply with the Court's order. She has filed an administrative motion to file Exhibit 3 under seal and has lodged a copy of that document with the Court. Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. See Civil Local Rule 79-5(a). Having reviewed Exhibit 3, the Court finds that Plaintiff has demonstrated good cause for the document to be filed under seal. Accordingly, the Court GRANTS Plaintiff's motion to file under seal (Docket No. 48).

Plaintiff has also filed purportedly redacted versions of the response to Defendant Harris's motion to dismiss and Exhibits 1, 2, 4 and 5 to the motion to dismiss[1] in the public record. However, Plaintiff has not effectively redacted information from

---

[1] The Court notes that Plaintiff has filed several exhibits in support of her filings without an affidavit or declaration authenticating those exhibits as required by Civil Local Rule 7-5. The Court did not rely on any of those exhibits in its decisions thus far. However, counsel is admonished to ensure that all future filings comply with all Federal Rules of Civil Procedure and Civil Local Rules.

United States District Court
For the Northern District of California

the exhibits she filed in the public record.  It appears that she used a pen to cross out the first names of Plaintiff's children. The pen markings are not thorough, and the text underneath is easy to read.  In addition, Exhibit 1 contains the full first name of another minor, and Exhibit 5 has not been redacted.  Plaintiff has further failed to file an administrative motion to file under seal unredacted versions of the motion to dismiss and Exhibits 1, 2, 4 and 5 or to lodge unredacted versions of these documents with the Court.

Within seven days of the date of this Order, Plaintiff shall file an administrative motion to file the relevant portions of the response to Defendant Harris's motion to dismiss and related exhibits under seal, lodge her unredacted response to Defendant Harris's motion to dismiss and exhibits with the Court and file properly redacted versions of the response and exhibits in the public record.  The Court notes that the Northern District of California has posted helpful information about redaction on its public website, which can be accessed at https://ecf.cand.uscourts.gov/cand/faq/tips/redacting.htm.  The District has also posted helpful information about E-Filing under seal, which can be accessed at http://cand.uscourts.gov/ecf/underseal.

Further, because Docket No. 47 contains confidential material, the Court STRIKES Docket No. 47 and directs the Clerk to delete it from the public docket.

Finally, the Court notes that many of Plaintiff's filings include the full names of her minor children and other personally identifying and sensitive information related to her children.

For example, Plaintiff's application for appointment of Guardian ad Litem (Docket No. 10) contains both of the children's full names and mailing addresses.  In addition, an unredacted psychological evaluation of R.F. is attached as an exhibit to the application.  Plaintiff's counsel is reminded of her duty to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.  The Court will temporarily seal the entire docket to permit Plaintiff an opportunity to review all of her filings, and to file appropriate motions to seal.

Within fourteen days of the date of this order, Plaintiff shall re-file, using only the child's initials, any document in which she previously used any minor child's first name.  If this is the only change Plaintiff is making to a document, she may do so without a motion.  In addition Plaintiff shall file motions to seal documents or portions of documents that contain other sensitive information related to her minor children.

To aid the Court in its review of Plaintiff's compliance with this order, Plaintiff is instructed to provide the Court with a list of all of the documents she has filed indicating:

1. The docket numbers of documents she has filed that do not contain any names of minor children or information that should be filed under seal.

2. Which documents Plaintiff is re-filing only to substitute initials for names (For each such document, please provide the docket number of the document that should be stricken from the docket and the corresponding docket number of the newly filed replacement document)

4

3. Which documents contain information that Plaintiff believes

   should be filed under seal (For each such document, please

   provide the docket number of the document that should be

   stricken from the docket and the corresponding Docket Number

   of the administrative motion to seal related to that

   document.)

IT IS SO ORDERED.

Dated: 3/19/2013

CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California

5