IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE FOTINOS, on behalf of herself and as Guardian ad Litem for her minor children, R.F. and A.F.,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN FOTINOS; DAWN GROVER; RENEE LA FARGE; BONNIE MILLER; KAMALA HARRIS, Attorney General; JAYNE KIM, Chief Trial Counsel, State Bar of California; ROBYN PITTS, City of Belmont Police Officer; MARK REED, San Mateo County Deputy Sheriff; PATRICK CAREY, San Mateo County Deputy Sheriff; SHANNON MORGAN; CITY OF BELMONT; COUNTY OF SAN MATEO; and RENEE LAFARGE,<br><br>    Defendant.<br>_____/ | No. C 12-953 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO SEAL (Docket No. 48), STRIKING IMPROPERLY FILED DOCUMENT (Docket No.47) AND DIRECTING PLAINTIFF TO REVIEW ALL DOCUMENTS ON THE DOCKET |

    On May 24, 2012, Plaintiff Michele Fotinos filed a response to Defendant Attorney General Kamala Harris's motion to dismiss and an ex parte application to file the response out of time. Docket Nos. 43 and 44.  In an order dated May 25, 2012, the Court struck those documents and their supporting exhibits because they contained the full name of Plaintiff's minor child, R.F. and other personally identifying and sensitive information related to R.F. Docket No. 45.  The Court permitted Plaintiff to re-file redacted

versions of the documents in the public record, and a motion to file under seal undredacted versions of the documents.

Plaintiff has attempted to comply with the Court's order. She has filed an administrative motion to file Exhibit 3 under seal and has lodged a copy of that document with the Court. Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so. <u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 678 (9th Cir. 2010). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. <u>See</u> Civil Local Rule 79-5(a). Having reviewed Exhibit 3, the Court finds that Plaintiff has demonstrated good cause for the document to be filed under seal. Accordingly, the Court GRANTS Plaintiff's motion to file under seal (Docket No. 48).

Plaintiff has also filed purportedly redacted versions of the response to Defendant Harris's motion to dismiss and Exhibits 1, 2, 4 and 5 to the motion to dismiss[1] in the public record. However, Plaintiff has not effectively redacted information from

---

[1] The Court notes that Plaintiff has filed several exhibits in support of her filings without an affidavit or declaration authenticating those exhibits as required by Civil Local Rule 7-5. The Court did not rely on any of those exhibits in its decisions thus far. However, counsel is admonished to ensure that all future filings comply with all Federal Rules of Civil Procedure and Civil Local Rules.

2

1  the exhibits she filed in the public record.  It appears that she
2  used a pen to cross out the first names of Plaintiff's children.
3  The pen markings are not thorough, and the text underneath is easy
4  to read.  In addition, Exhibit 1 contains the full first name of
5  another minor, and Exhibit 5 has not been redacted.  Plaintiff has
6  further failed to file an administrative motion to file under seal
7  unredacted versions of the motion to dismiss and Exhibits 1, 2, 4
8  and 5 or to lodge unredacted versions of these documents with the
9  Court.

10      Within seven days of the date of this Order, Plaintiff shall
11  file an administrative motion to file the relevant portions of the
12  response to Defendant Harris's motion to dismiss and related
13  exhibits under seal, lodge her unredacted response to Defendant
14  Harris's motion to dismiss and exhibits with the Court and file
15  properly redacted versions of the response and exhibits in the
16  public record.  The Court notes that the Northern District of
17  California has posted helpful information about redaction on its
18  public website, which can be accessed at
19  https://ecf.cand.uscourts.gov/cand/faq/tips/redacting.htm.  The
20  District has also posted helpful information about E-Filing under
21  seal, which can be accessed at
22  http://cand.uscourts.gov/ecf/underseal.

23      Further, because Docket No. 47 contains confidential
24  material, the Court STRIKES Docket No. 47 and directs the Clerk to
25  delete it from the public docket.

26      Finally, the Court notes that many of Plaintiff's filings
27  include the full names of her minor children and other personally
28  identifying and sensitive information related to her children.

3

1  For example, Plaintiff's application for appointment of Guardian
2  ad Litem (Docket No. 10) contains both of the children's full
3  names and mailing addresses.  In addition, an unredacted
4  psychological evaluation of R.F. is attached as an exhibit to the
5  application.  Plaintiff's counsel is reminded of her duty to
6  comply with the Federal Rules of Civil Procedure and the Local
7  Rules of this Court.  The Court will temporarily seal the entire
8  docket to permit Plaintiff an opportunity to review all of her
9  filings, and to file appropriate motions to seal.

10     Within fourteen days of the date of this order, Plaintiff
11 shall re-file, using only the child's initials, any document in
12 which she previously used any minor child's first name.  If this
13 is the only change Plaintiff is making to a document, she may do
14 so without a motion.  In addition Plaintiff shall file motions to
15 seal documents or portions of documents that contain other
16 sensitive information related to her minor children.

17     To aid the Court in its review of Plaintiff's compliance with
18 this order, Plaintiff is instructed to provide the Court with a
19 list of all of the documents she has filed indicating:

20  1. The docket numbers of documents she has filed that do not
21     contain any names of minor children or information that
22     should be filed under seal.
23  2. Which documents Plaintiff is re-filing only to substitute
24     initials for names (For each such document, please provide
25     the docket number of the document that should be stricken
26     from the docket and the corresponding docket number of the
27     newly filed replacement document)
28

4

3. Which documents contain information that Plaintiff believes should be filed under seal (For each such document, please provide the docket number of the document that should be stricken from the docket and the corresponding Docket Number of the administrative motion to seal related to that document.)

IT IS SO ORDERED.

Dated: 3/19/2013

CLAUDIA WILKEN
United States District Judge