IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE FOTINOS, on behalf of herself and as Guardian ad Litem for her minor children, R.F. and A.F., <br><br> Plaintiff, <br><br> v. <br><br> JOHN FOTINOS; DAWN GROVER; RENEE LA FARGE; BONNIE MILLER; KAMALA HARRIS, Attorney General; JAYNE KIM, Chief Trial Counsel, State Bar of California; ROBYN PITTS, City of Belmont Police Officer; MARK REED, San Mateo County Deputy Sheriff; PATRICK CAREY, San Mateo County Deputy Sheriff; SHANNON MORGAN; CITY OF BELMONT; COUNTY OF SAN MATEO; and RENEE LAFARGE, <br><br> Defendant. | No. C 12-953 CW <br><br> ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATIONS FOR EXTENSION OF TIME (Docket Nos. 87 & 88) AND STRIKING IMPROPERLY FILED DOCUMENTS (Docket Nos. 87-1, 87-2 & 87-3) |

I.   Ex Parte Application for Extension of Time to File Second Amended Complaint

On March 22, 2013, the Court entered an order dismissing all of Plaintiff's federal claims. In that order, the Court granted Plaintiff fourteen days to amend some of her federal claims. The Court advised Plaintiff that if she failed to do so, her federal claims would be dismissed with prejudice and her state claims would be dismissed without prejudice to refiling in state court. Accordingly, Plaintiff's Second Amended Complaint (2AC) was due by April 5, 2013.

On April 9, 2013, Plaintiff filed an "Ex Parte Motion for Leave to File Second Amended Supplemental Complaint 3 days late." Docket No. 87. Defendants County of San Mateo, Mark Reed, Patrick Carey and Shannon Morgan (San Mateo County Defendants) and Defendant Bonnie Miller oppose the motion.

The Court notes that this request is part of an ongoing pattern of Plaintiff's counsel seeking extensions of time after a deadline has passed. See Docket Nos. 44, 65, 85, 87, 88; see also Docket No. 63 (application for extension of time filed on the date the filing was due). Federal Rule of Civil Procedure 6(b)(1)(B) provides that a motion for extension of time "made after the time has expired" may be granted "if the party failed to act because of excusable neglect." However, the primary reason provided by Plaintiff for failing to meet the Court's deadlines is that counsel is busy working with other clients on other matters. See, e.g., Docket No. 65 at ¶4 ("I ended up on Friday, July 6, 2012, and Saturday, July 7, 2012, working on matters for two other clients . . ."); Docket No. 87 at ¶3 (discussing counsel's decision to "[take] on the task of representing the key witness of [her] client for whom [she] recently filed a civil rights action in the Central District of CA.").

The California Rules of Professional Conduct provide, "A member shall not intentionally, recklessly, or repeatedly fail to perform legal services with competence." Cal. Rule of Prof. Conduct 3-110(A). "For purposes of this rule, 'competence' in any legal service shall mean to apply the 1) diligence, 2) learning and skill, and 3) mental, emotional, and physical ability reasonably necessary for the performance of such service." Id. at

3-110(B). The Court interprets this rule to require counsel to consider her obligations to current clients before taking on additional clients or cases, and to ensure that she can meet the deadlines in all of her existing cases.

The Court will GRANT Plaintiff's ex parte application for extension of time to file her 2AC. (Docket No. 87) However, counsel is admonished of her duty to provide competent service to her client, including her duty to meet the Court's deadlines. Plaintiff shall file her 2AC within one day of the date of this order. Defendants may answer or move to dismiss the amended complaint within twenty-one days thereafter.

## II. Second Ex Parte Application for Extension of Time Re: Documents Containing Confidential Information

On March 19, 2013, the Court issued an order directing Plaintiff to take steps to ensure that her filings did not improperly include confidential information on the public docket. On April 1, 2013, the Court granted Plaintiff's request for an extension of time until April 9, 2013 to comply with the Court's March 19, 2013 order. On April 10, 2013, Plaintiff filed an ex parte application seeking an extension of the April 9 deadline to April 16, 2013. In that application, counsel states that she "could not complete the redaction and other tasks related to preserving the confidentiality of the children even in the extra time which the Court granted because of the demands of her law practice." As noted above, this excuse is not well-taken in light of counsel's obligation to provide competent service to her clients. Nonetheless, the Court will GRANT Plaintiff's ex parte application for an extension of time to April 16, 2013 (Docket No.

3

88). Any future failure to meet Court deadlines may result in sanctions including, but not limited to, dismissal of Plaintiff's case.

III. Request to Substitute Redacted Amended Complaint

At least twice, this Court has admonished Plaintiff of the need to refer to minor children by their initials rather than their full names. <u>See</u> Docket Nos. 45 and 83. Because of Plaintiff's continued use of minor children's full names and inclusion of other personally identifying and sensitive information related to minor children, the Court temporarily sealed the entire docket on March 19, 2013 and ordered Plaintiff to conduct a review of all of her filings and to take steps to ensure that such information is not included on the public docket. Docket No. 83. Nonetheless, Plaintiff has filed a proposed 2AC that includes the full names of her minor children. Docket Nos. 87-1, 87-2 and 87-3. Recognizing this error, counsel has filed a "request to substitute" a redacted 2AC. (Docket No. 88)

The Court grants this request. Further, because Docket Nos. 87-1, 87-2, and 87-3 contain the full names of Plaintiff's minor children, the Court STRIKES those documents and directs the Clerk to delete them from the public docket.

IT IS SO ORDERED.

Dated: 4/12/2013

CLAUDIA WILKEN
United States District Judge