IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE FOTINOS, on behalf of herself and as Guardian ad Litem for her minor children, R.F. and A.F.,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN FOTINOS; DAWN GROVER; RENEE LA FARGE; BONNIE MILLER; KAMALA HARRIS, Attorney General; JAYNE KIM, Chief Trial Counsel, State Bar of California; ROBYN PITTS, City of Belmont Police Officer; MARK REED, San Mateo County Deputy Sheriff; PATRICK CAREY, San Mateo County Deputy Sheriff; SHANNON MORGAN; CITY OF BELMONT; COUNTY OF SAN MATEO; and RENEE LAFARGE,<br><br>    Defendant. | No. C 12-953 CW<br><br>ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER |

Plaintiff Michele Fotinos applies for a temporary restraining order on behalf of herself and her minor daughter R.F. against Defendants John Fotinos and Dawn Grover.[1]  Having considered the application and the entire record in the case, the Court DENIES Plaintiff's application.

BACKGROUND

This case arises out of a nine-year custody battle between Plaintiff Michele Fotinos and her ex-husband, Defendant John

---

[1] Although Plaintiff states that she moves ex parte, the application was served on Defendants' counsel through the Electronic Case Filing system.

Fotinos. In her complaint, Plaintiff accuses her ex-husband of physically and emotionally abusing their two children, R.F. and A.F. and alienating them from her. After numerous setbacks in her efforts to gain custody of her children in state court, on February 24, 2012, Plaintiff filed this lawsuit against numerous Defendants on behalf of herself and as guardian ad litem for R.F. and A.F.

Plaintiff submits evidence that, on June 29, 2012 she obtained, from the San Mateo County Court, domestic violence prevention restraining orders against her ex-husband and his partner Dawn Grover on behalf of her daughter R.F. See Exs. 1, 2. Those restraining orders state that they "end on" June 28, 2013 at midnight. Id. The orders also state that they "may be reevaluated at the conclusion of John Fotinos' criminal case." Id. The criminal case is ongoing. On June 26, 2013, Plaintiff submitted requests to the San Mateo County Court to renew the restraining orders "permanently." Exs. 3, 4. On July 2, 2013, a judicial officer of the San Mateo County Court entered a notice of hearing on the request to renew the restraining order against John Fotinos,[2] setting a hearing for July 18, 2013 at 9:00 AM. Ex. 5. The line on the Notice of Hearing form that states, "The restraining order (Order of Protection) stays in effect until the hearing date," is crossed off and initialed by the judicial

---

[2] Although Plaintiff suggests that the renewal of both restraining orders has been "denied," the notice of hearing attached as an exhibit to the application for a temporary restraining order relates only to the restraining order against John Fotinos. There is no evidence regarding the resolution of the request to extend the restraining order against Dawn Grover.

2

Case4:12-cv-00953-CW Document123 Filed07/18/13 Page3 of 6

officer.  Id.  In the instant application for a temporary restraining order, Plaintiff indicates that her attorney "sought a continuance to August 9, 2013" for the hearing on the request to renew the state restraining order.  Application at 3.

Plaintiff now seeks a temporary restraining order from this Court, essentially extending the state court restraining orders.

LEGAL STANDARD

"The standard for issuance of a temporary restraining order is the same as that for issuance of a preliminary injunction." Burgess v. Forbes, 2009 WL 416843, at *2 (N.D. Cal.).  To obtain a preliminary injunction, the moving party must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).  Alternatively, a temporary restraining order could issue where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," so long as the plaintiff demonstrates irreparable harm and shows that the injunction is in the public interest.  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotation and editing marks omitted).

DISCUSSION

I. Rooker-Feldman Doctrine

A federal district court, as a court of original jurisdiction, has no authority to review the determinations of a state court in judicial proceedings.  28 U.S.C. § 1257; District

3

of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).  The Rooker-Feldman doctrine has been described as "a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments." Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003).  Here, the state court has not even issued a final ruling on Plaintiff's request to renew the restraining orders that Plaintiff seeks to replace with an order from this Court.  A hearing on Plaintiff's state court request has been scheduled for July 18, 2013, although Plaintiff states that she has requested a continuance to August 9, 2013.  The Court lacks jurisdiction to consider Plaintiff's request.

II.  Merits of the Request

Even if the Court had jurisdiction to consider Plaintiff's request, the application for a temporary restraining order lacks merit.  Although Plaintiff argues that there is a likelihood that she will prevail on her underlying claims, the only support for that argument is her assertion that "[j]ust considering the gender violence, assault and battery, false imprisonment, and defamation claims, the Court can easily conclude that there is a substantial likelihood that Plaintiffs will prevail on those claims in front of a jury."  Application at 9.  This is not enough to establish a likelihood of success on the merits.

Moreover, the Court notes that counsel for John Fotinos and Dawn Grover is operating under the assumption that the restraining orders remain in place.  Barry Dec. Ex. 2 (email from counsel that states, "Since [the criminal case against John Fotinos] has not

resolved, the restraining order remains in place."). This assumption, together with Plaintiff's decision to seek a continuance of the state court hearing on her request to renew the restraining order, undermines any claim of irreparable harm in the absence of preliminary relief.

Finally, the purpose of a temporary restraining order is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction. See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). Plaintiff asserts that the order she seeks is necessary because R.F. fears his father and his partner and the stress R.F. is experiencing as a result of the "denial" of the renewal of the restraining order is having serious detrimental effects on R.F.'s health. While the health problems Plaintiff describes are severe, it is not clear how issuance of the requested temporary restraining order will preserve the status quo as it relates to this case.

In this case, Plaintiff seeks "declaratory judgment that Defendants' actions violate Plaintiffs' right to equal protection and due process under the Fourteenth Amendment" and money damages against Defendants. See Second Amended Complaint, Docket No. 93. There is nothing to suggest that if Plaintiff succeeded on the merits of her case, she would be entitled to injunctive relief

5

preventing John Fotinos or Dawn Grover from having contact with R.F.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's application for a temporary restraining order (Docket No. 122).

IT IS SO ORDERED.

Dated: 7/18/2013

CLAUDIA WILKEN
United States District Judge