IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE FOTINOS, on behalf of herself and as Guardian ad Litem for her minor children, R.F. and A.F.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN FOTINOS; DAWN GROVER; RENEE LA FARGE; BONNIE MILLER; KAMALA HARRIS, Attorney General; JAYNE KIM, Chief Trial Counsel, State Bar of California; ROBYN PITTS, City of Belmont Police Officer; MARK REED, San Mateo County Deputy Sheriff; PATRICK CAREY, San Mateo County Deputy Sheriff; SHANNON MORGAN; CITY OF BELMONT; COUNTY OF SAN MATEO; and RENEE LAFARGE,<br><br>　　　　Defendant.<br>_____/ | No. C 12-953 CW<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS SECOND AMENDED COMPLAINT |

　　　　Defendant City of Belmont, Defendant Bonnie Miller, Defendants County of San Mateo, Mark Reed, Patrick Carey and Shannon Morgan (San Mateo County Defendants), Defendant John Fotinos, Defendant Dawn Grover, and Defendant Renee La Farge have filed motions to dismiss the Second Amended Complaint (2AC) in this case. Plaintiff has filed oppositions to each of the motions.[1] The motions were decided on the papers. Having

---

[1] Each of Plaintiff's oppositions to the motions to dismiss was filed late. Plaintiff has filed ex parte motions seeking relief from the late filing of some, but not all of the oppositions. This is part of an ongoing pattern of Plaintiff's counsel seeking extensions of time after a deadline has passed. See Docket Nos. 44, 65, 85, 87, 88. The Court has already admonished Plaintiff's counsel of her duty to meet the Court's

considered the parties' papers, the Court GRANTS Defendant City of Belmont's motion to dismiss (Docket No. 99), GRANTS Defendant Miller's motion to dismiss (Docket No. 100), GRANTS the San Mateo County Defendants' motion to dismiss (Docket No. 101), GRANTS Defendants J. Fotinos and Grovers' motion to dismiss (Docket No. 111), and GRANTS Defendant LeFarge's motion to dismiss (Docket No. 116). Plaintiff's federal claims are dismissed with prejudice and her state law claims are dismissed without prejudice to refiling in state court.

BACKGROUND

This case arises out of a nine-year custody battle between Plaintiff Michele Fotinos and her ex-husband, Defendant John Fotinos. In her complaint, Plaintiff accuses her ex-husband of physically and emotionally abusing their two children, R.F. and A.F. and alienating them from her. After numerous setbacks in her efforts to gain custody of her children in state court, Plaintiff filed this lawsuit against numerous Defendants on behalf of herself and as guardian ad litem for R.F. and A.F. Defendants filed several motions to dismiss the First Amended Complaint (1AC), which the Court granted in part, dismissing all of Plaintiff's federal claims and deferring ruling on the motions to the extent they sought to dismiss Plaintiff's state law claims. The Court granted Plaintiff leave to amend several of her federal

---

deadlines. See Docket No. 92. Nevertheless, the Court has considered all of the opposition briefs filed by Plaintiff and GRANTS the motions for relief from late filing. Docket Nos. 106, 113. The Court also notes that two of the motions to dismiss were not timely filed. See Docket Nos. 111, 116.

2

claims. Plaintiff has now filed a Second Amended Complaint (2AC), alleging four federal claims and six state law claims.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

3

United States District Court / For the Northern District of California

DISCUSSION

I.   First Cause of Action--42 U.S.C. § 1985(2)

In its March 22, 2013 order dismissing the 1AC, the Court found that Plaintiff failed to allege "a class-based invidiously discriminatory animus" as required to state a claim under the second clause of § 1985(2).  Specifically, the Court found that (1) Plaintiff failed to allege "that any conspiracy, assuming that one existed, was motivated by animus against victims of domestic violence" and (2) Plaintiff failed to establish that victims of domestic violence are a protected class as required by § 1985(2).  Docket No. 84 at 11-12.  Accordingly, the Court dismissed Plaintiff's § 1985(2) claim, and instructed, "If Plaintiff can allege, consistent with her original complaint, additional facts sufficient to establish that Defendants acted out of animus against her and her children because they are members of a recognized protected class, she may replead this claim in her second amended complaint."  Docket No. 84 at 15.

As in the 1AC, Plaintiff again alleges that Defendants J. Fotinos, Grover, Miller and La Farge conspired "for the purpose of impeding, hindering, obstructing, or defeating the due course of justice in the custody proceeding in the California superior court" in violation of 42 U.S.C. § 1985(2).  Plaintiff again makes a bare allegation that these Defendants acted with the intent to deny "M. Fotinos, R.F. and A.F. equal protection of the law as victims of domestic violence based on the gender of their mother who is also a victim of J. Fotinos' domestic violence."  2AC ¶ 252; see also ¶ 255 (same).  Plaintiff alleges that these Defendants did so by coercing the children to testify falsely in

4

the state court proceedings. However, the 2AC alleges that the conspiracy "was designed to keep the children from testifying about the abuse of their father, Grover's cover up of the abuse, what Grover, J, Fotinos, and LaFarge said about their mother to defeat M. Fotinos' request for custody, and that they wanted to live with their mother so that M. Fotinos would not regain custody of her children solely on the ground that she is a mother and because she is alleging domestic violence and alienation by J. Fotinos, the male parent." 2AC ¶ 252. Although Plaintiff now alleges that the conspiracy acted "on the ground that she is a mother and because she is alleging domestic violence," this does not change the stated primary purpose of the conspiracy, which was to prevent Plaintiff from regaining custody of her children. Indeed, the 2AC alleges that actions were taken "to defeat their mother's claim for custody" and "for the sole purpose of defeating M. Fotinos' OSC for change of custody." 2AC ¶¶ 254, 258. Moreover, the 2AC asserts that these actions "succeeded in successfully defeating M. Fotinos' request for custody of R.F. and A.F." 2AC ¶ 274. The Court finds that Plaintiff has again failed to allege that any conspiracy, assuming one existed, was motivated by animus against women.[2]

Accordingly, Plaintiff's § 1985(2) claim is dismissed. Because she has already been granted leave to amend this claim and

---

[2] To the extent that Plaintiff continues to argue that she has alleged that the conspiracy was motivated by animus against victims of domestic violence, the Court notes that it has already held that victims of domestic violence are not a recognized protected class for purposes of § 1985(2).

5

it appears that further amendment would be futile, her claim is now dismissed with prejudice.

## II. Second Cause of Action--First Amendment Claim

In its March 2013 order dismissing Plaintiff's 1AC with leave to amend, the Court found that Plaintiff failed to state a § 1983 claim against Defendants Morgan, Carey and Reed for violations of Plaintiff's and R.F.'s rights under the First Amendment to the United States Constitution. As in the original complaint, the primary allegations in the 2AC are that Defendants Morgan, Carey and Reed are violating provisions of California law. The Court stated in its order dismissing the original complaint, "As a general rule, a violation of state law does not lead to liability under § 1983." Campbell v. Burt, 141 F.3d 927, 930 (1998).

The only allegations added in support of Plaintiff's First Amendment claim in the 2AC are irrelevant quotations from unrelated opinions of the Inter-American Commission of Human Rights and facts about unrelated cases in other California courts. Accordingly, Plaintiff's First Amendment claim is dismissed. Because she has already been granted leave to amend this claim and it appears that further amendment would be futile, her claim is now dismissed with prejudice.

## III. Third Cause of Action--Equal Protection and Due Process Claim

As in her original complaint, Plaintiff next alleges that the same actions by Defendants Morgan, Carey and Reed that underlie her § 1983 First Amendment claim constituted a violation of Plaintiff's and her children's rights to due process and their "equal protection rights" to child protective and police services

6

"as victims of domestic violence." 2AC ¶¶ 369, 372. In its prior order, the Court dismissed this claim on three independent grounds, none of which Plaintiff has remedied.

First, the Court found that Plaintiff's allegation that Defendant Morgan violated her and her children's due process rights by providing a report regarding alleged child abuse to J. Fotinos's attorney "knowing he would forward it" to the judge presiding over Plaintiff's request for a domestic violence restraining order was not sufficient to establish a constitutional violation. The court found that, even assuming that the report was improperly considered by the judge, it was not clear how Defendant Morgan can be held liable for the actions of J. Fotinos's attorney in submitting the report to the court, or the action of the judge in considering the report. In her amended complaint, Plaintiff now alleges that "having voluntarily offered them the report, [Morgan] was obligated not to discriminate against M. Fotinos and R.F. because of their gender and their status as victims of domestic violence, but she did." 2AC ¶ 299. This bare allegation is not sufficient to establish an equal protection or due process claim.

Next, the Court found that Plaintiff's allegation that various shortcomings in the manner in which Defendants Carey and Reed responded to R.F.'s report of abuse by her father were not enough to establish a due process claim because "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." Deshaney v. Winnebago County Dep't of Social

Svcs., 489 U.S. 189, 196 (1989). Plaintiff has not altered the paragraphs of the complaint containing these allegations.

Finally, the Court found that Plaintiff's equal protection claim also failed because Plaintiff did not allege that any of the Defendants acted because of her and her children's status as victims of domestic violence. Accordingly, the Court found that she has failed to make a showing of discriminatory intent necessary to support an equal protection claim. Navarro v. Block, 72 F.3d 712, 716 n.5 (9th Cir. 1995) (quoting Personnel Adm'r of Mass. v. Feeny, 442 U.S. 256, 279 (1979)). However, Plaintiff has not made any substantive changes to these allegations. Indeed, Plaintiff again alleges that Morgan acted "for damage control on behalf of the San Mateo judicial establishment." 2AC ¶ 301. This contradicts Plaintiff's allegation that Defendant Morgan acted with discriminatory intent.

Plaintiff's equal protection and due process claim is dismissed. Because she has already been granted leave to amend this claim and it appears that further amendment would be futile, her claim is now dismissed with prejudice.

IV. Fourth Cause of Action--Monell Claim

In its earlier order, the Court dismissed Plaintiff's Monell claim against Defendants City of Belmont and San Mateo County because Plaintiff failed to allege either of two necessary elements, a constitutional injury or facts to support a finding that any of the individual Defendants acted according to any city or county policy or practice. As discussed above, Plaintiff has again failed to allege a constitutional injury. Moreover, Plaintiff has again failed to allege facts demonstrating that the

8

individual Defendants acted according to a city or county policy or practice.

Plaintiff alleges that individual Defendants failed to comply with various state statutory requirements and City of Belmont policies. However, this only posits that the individual Defendants were not acting according to policies or statutes. Plaintiff goes on to allege that one can infer from these failures to comply with statutory requirements and policies "that there is a countywide and citywide policy of deliberate indifference to the training of police officers and deputy sheriffs in Belmont and in the County concerning domestic violence." 2AC ¶ 309. However, three officers' alleged failure to comply with policies in this individual case is an insufficient basis for such an inference.

Accordingly, the Court finds that Plaintiff has failed to state a Monell claim. Because she has already been granted leave to amend this claim and it appears that further amendment would be futile, her claim is now dismissed with prejudice.

V. State Law Claims

Plaintiff also alleges five state law claims against Defendants J. Fotinos, Grover, Miller and La Farge. Title 28 U.S.C. § 1367(c)(2) authorizes district courts to decline to exercise supplemental jurisdiction over a state law claim if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." In determining whether to decline to exercise supplemental jurisdiction, the Court should consider whether remanding the rest of the case to state court will accommodate the values of "economy, convenience, fairness, and comity." Executive Software

North America, Inc. v. United States District Court, 24 F.3d 1545, 1557 (9th Cir. 1994), overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp., 533 F.3d 1087 (9th Cir. 2008).

In this order, the Court dismisses all of Plaintiff's federal claims. Therefore, it is more efficient for the state court to evaluate Plaintiff's state law claims. The values of economy, convenience, fairness, and comity favor dismissing the state law claims without prejudice to refiling in state court.

VII. Docket Items Containing Confidential Information

On March 19, 2013, the Court issued an order directing Plaintiff to take steps to ensure that her filings did not improperly include confidential information on the public docket and temporarily sealing the entire docket to permit Plaintiff the opportunity to review all of her filings, and to file appropriate motions to seal. The Court directed Plaintiff to submit a list of all documents she has filed, separated into three categories, and counsel for Plaintiff has filed a declaration providing answers to the Court's requests. Plaintiff's response is discussed by category below.

A. Documents that can be filed on the public docket

The Court asked Plaintiff to list, "The docket numbers of documents she has filed that do not contain any names of minor children or information that should be filed under seal."

Counsel declares that Docket Numbers 46, 50, 53, 55, 56, 57, 63, 65, 66, 68, 69, 80, 81, 85, 87, 88, 91 and 93 do not contain the names of minor children or other information that should be filed under seal. See Docket No. 98 at 2. Accordingly, these documents should be restored to the public docket.

Counsel also included Docket Numbers 74 and 75 in the list of documents she stated did not include the names of minor children or other information that should be filed under seal. However, in a footnote, counsel stated, "Buried in a quote is A.F.'s first name on p.16 of Doc. #75. Only a close reading of the very long document would the reader catch the name [sic]. I request to be excused from filing a redacted Doc[.] #75 because then the Court will have to strike the originally filed document." Docket No. 98 at 2 n.1. The Court has reviewed Docket Number 75, and the document does not contain the first name of any minor child. Accordingly, Docket Number 75 should be restored to the public docket. However, page 16 of Docket Number 74 does contain A.F.'s first name. The Court denies Plaintiff's request to allow this document to remain on the public docket. The Court STRIKES Docket No. 74 and directs the Clerk to delete it from the public docket. Plaintiff is directed to file a redacted version of Docket Number 74 within seven days of the date of this order.

B. Documents which contain the names of minor children

The Court next asked Plaintiff to identify, "Which documents Plaintiff is re-filing only to substitute initials for names (For each such document, please provide the docket number of the document that should be stricken from the docket and the corresponding docket number of the newly filed replacement document)."

Counsel declared that Docket Numbers 1, 7 and 10 should be stricken and that newly filed Docket Numbers 94, 96 and 97, respectively, should substitute for those documents. Accordingly,

11

the Court STRIKES Docket Nos. 1, 7 and 10 and directs the Clerk to delete them from the public docket.

Counsel also indicated that Docket Number 3, her application to act as guardian ad litem, should be stricken and replaced with a redacted version, filed at Docket Number 95, using only the minor children's initials. In a footnote, counsel further states, "I removed Dr. Susan Wilde's psychological evaluation of R.F. which was a part of the [guardian ad litem] application to avoid having to file an Administrative Motion to Seal." Docket No. 98 at 2 n.2. The Court finds that the psychological evaluation was immaterial to the application to act as guardian ad litem. Accordingly, the Court STRIKES Docket Number 3 and directs the Clerk to delete it from the public record.

Counsel further requests that the Court strike Docket Number 79, exhibits filed in support of Plaintiff's motion to amend the 1AC. The Court did not rely on those documents when denying the motion to amend. Accordingly, the Court STRIKES Docket Number 79 and directs the Clerk to delete it from the public record.

C. Documents which contain information that should be filed under seal

Finally, the Court asked Plaintiff to identify, "Which documents contain information that Plaintiff believes should be filed under seal  (For each such document, please provide the docket number of the document that should be stricken from the docket and the corresponding Docket Number of the administrative motion to seal related to that document.)" Counsel declares that, if the Court strikes Docket Numbers 3 and 79, which it has, there are no such documents.

Counsel's declaration further states that she "did not download [Docket Number 14]." Docket No. 98 at 3. Accordingly, counsel was unable to determine whether the document contained the names of minor children or any other information that should be filed under seal. It appears that counsel filed the 1AC twice, on March 8, 2012 at Docket Number 7 and on April 4, 2012 at Docket Number 14. Plaintiff has already requested that Docket Number 7 be stricken and has already filed a redacted version of the document at Docket Number 96. Accordingly, the Court STRIKES Docket Number 14 and directs the Clerk to remove it from the public record.

After the revisions discussed above are made to the docket, the Clerk shall unseal the docket.

CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant City of Belmont's motion to dismiss (Docket No. 99), GRANTS Defendant Miller's motion to dismiss (Docket No. 100), GRANTS the San Mateo County Defendants' motion to dismiss (Docket No. 101), GRANTS Defendants J. Fotinos and Grover's motion to dismiss (Docket No. 111), and GRANTS Defendant LeFarge's motion to dismiss (Docket No. 116). All of Plaintiff's federal claims are dismissed with prejudice. Plaintiff's state claims are dismissed without prejudice to refiling in state court.

IT IS SO ORDERED.

Dated: 2/7/2014

CLAUDIA WILKEN
United States District Judge

13